UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PANAMERICA TRADE, INC., etc.,

    Plaintiff,

v.                                                             CASE NO. 3:25-cv-473-MMH-SJH

CHRISTOPHER BOYS, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Alternative Service of Complaint and Motion for Preliminary Injunction on Defendant Christopher Boys ("Motion"). Doc. 20. For the reasons herein, the Court denies the Motion without prejudice.

    **I.**     **Background**

Panamerica Trade, Inc., d/b/a Strip-Curtains.com ("Plaintiff"), has filed a complaint ("Complaint") against Christopher Boys ("Boys"); Food Service Gaskets, LLC; and RAC Industries, LLC. Doc. 1. Plaintiff has also filed a Motion for Preliminary Injunction and Supporting Memorandum of Law ("Injunction Motion"). Doc. 8. In the instant Motion, Plaintiff seeks leave to serve Boys via email with the Complaint, Injunction Motion, and accompanying documents. Doc. 20.

    **II.**     **Legal Standard**

Rule 4(f) of the Federal Rules of Civil Procedure ("Rule(s)") sets forth methods for

serving an individual in a foreign country as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>>
>>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>>
>>> (C) unless prohibited by the foreign country's law, by:
>>>
>>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>>
>>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>
>> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Plaintiff's Motion seeks relief pursuant only to Rule 4(f)(3). Doc. 20 at 5-8. Such relief is subject to the Court's discretion. *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003); *Duong v. DDG BIM Servs. LLC*, 700 F. Supp. 3d 1088, 1092 (M.D. Fla. 2023); *Dolphin Cove Inn, Inc. v. Vessel Olymplc*

*Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 WL 4927590, at *2 (M.D. Fla. Aug. 21, 2020); *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-cv-2558-T-60AAS, 2020 WL 886671, at *2 (M.D. Fla. Feb. 24, 2020).[1] Alternate service authorized under Rule 4(f)(3) must (i) not be prohibited by international agreement; and (ii) comply with due process. *Dolphin Cove Inn*, 2020 WL 4927590, at *1-2; *see also Premier Trailer Leasing*, 2020 WL 886671, at *2.

### III. Discussion

Here, Plaintiff seeks alternate service via email. In support, Plaintiff has cited that (i) its process server attempted service at Boys's last-known residence in Florida, which is listed as his address on his driver's license, voter documents, and corporate records filed with the Florida Secretary of State; but (ii) was informed by Boys's mother that the address was hers, that Boys had not lived there "for years," and that she had not had contact with him for "quite some time." *See* Doc. 20 at 2-4; Doc. 20-1; 20-2. Plaintiff has also cited testimony from its President, Jeff Secord ("Secord") that he has communicated with Boys on multiple occasions via email using the email address erasedbygrace@gmail.com. *See* Doc. 20 at 4; Doc. 20-3 at 2-3, 5. Secord has also been told that Boys is in the Philippines, which is consistent with both oral and written statements from Boys himself to Secord, as well as information as to his whereabouts

---

[1] Though the language of Rule 4(f)(3) has changed slightly since *Prewitt*, the undersigned concludes these changes do not modify the discretionary nature of relief under Rule 4(f)(3). *See Duong*, 700 F. Supp. 3d at 1092; *Dolphin Cove Inn*, 2020 WL 4927590, at *2; *Premier Trailer Leasing*, 2020 WL 886671, at *2. Indeed, Plaintiff itself argues that the relief it seeks is subject to the Court's "considerable discretion[.]" Doc. 20 at 5.

found by Secord on Facebook. *See* Doc. 20 at 4; Doc. 20-3 at 3, 6.

Based on the above, service pursuant to Rule 4(f), which governs service on an individual "at a place not within any judicial district of the United States" appears proper. *See* Fed. R. Civ. P. 4(f).[2] But the Court has concerns as to whether email service in the Philippines satisfies the threshold requirement under Rule 4(f)(3) that alternate service not be prohibited by international agreement. The Motion accurately cites persuasive supporting authority, including authority "that service via email to parties in the Philippines is not precluded by any international agreement." Doc. 20 at 6 (citing *Vaswani, Inc. v. Manjunathamurthy*, No. 2:20-cv-20288-KSH-CLW, 2021 WL 1541071 (D.N.J. Apr. 19, 2021)). *Manjunathamurthy* supports the position for which it is cited. *See Manjunathamurthy*, 2021 WL 1541071, at *3. And it is not alone. *See, e.g., Burberry Ltd. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24-cv-24954, 2024 WL 5696952, at *2 (S.D. Fla. Dec. 23, 2024); *Chanel, Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-cv-62372, 2024 WL 1178983, at *2 (S.D. Fla. Jan. 31, 2024); *CarMax Enter. Servs., LLC v. Precision Glob. Med. Distribs., LLC*, No. 3:22-cv-463, 2023 WL 6797493, at *4-5 (E.D. Va. Oct. 13, 2023).

But as even the case cited by Plaintiff acknowledges, the Philippines is (like the

---

[2] Because Boys is in a foreign country, it does not matter than he may also maintain a domestic residence. *See, e.g., Premier Trailer Leasing*, 2020 WL 886671, at *1 n.1; *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-cv-21296, 2016 WL 11742515, at *2 (S.D. Fla. Nov. 7, 2016); *Indagro, S.A. v. Nilva*, No. 07-cv-3742-SDW-MCA, 2014 WL 1515587, at *5 (D.N.J. Apr. 17, 2014).

United States) party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention") and the Philippines has objected to the forms of service in Article 10 (a) and (c) of the Hague Convention. *See Manjunathamurthy*, 2021 WL 1541071, at *3; *see also CarMax Enter. Servs.*, 2023 WL 6797493, at *4; Hague Conference on Private International Law, *Status Table 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 4, 2025); Hague Conference on Private International Law, *Declaration/Reservation/Notification*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1435&disp=resdn (last visited June 4, 2025). And, as the same case acknowledges, whether the Hague Convention permits email service in such circumstances presents "a question without a clear answer" on which "[f]ederal courts are sharply divided[.]" *See Manjunathamurthy*, 2021 WL 1541071, at *3-4.[3] To that end, competing persuasive authority holds that email service in the Philippines would violate international agreement and, at least at this juncture, be inappropriate under Rule 4(f)(3). *See Media Trademark & Licensing Ltd. v. COINGEEKLTD.COM*, No. 21-cv-00214-PHX-DWL, 2021 WL 2895289, at *3-5 (D. Ariz. July 9, 2021). It too shares ample company. *See, e.g.*, *Duong*, 700 F. Supp. 3d at 1092-96 & n.5; *see also PNC Bank Nat'l Ass'n v. Baglien*,

---

[3] It appears that lowers courts are sharply divided not only on outcomes, but on how to frame the issues and on which views are in the majority or minority. *Compare, e.g., id.* at *4 with PNC Bank Nat'l Ass'n v. Baglien*, 347 F.R.D. 311, 315 n.4 (S.D. Tex. 2024).

5

347 F.R.D. 311, 314-15 & n.4 (S.D. Tex. 2024); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 480 F. Supp. 3d 977, 982-86 (N.D. Cal. 2020).

There does not appear to be any direct authority from the Eleventh Circuit, *see Duong*, 700 F. Supp. 3d at 1093, or any other Circuit, *see Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 330 & n.13 (N.D. Ill. 2024), on the "relatively complex questions" presented, *id.*[4] The Court need not—and does not—reach a definite resolution at this time. Even if the Court were to resolve the split of authority in favor of Plaintiff and assume *arguendo* that email service of Boys in the Philippines would not violate international agreement, relief under Rule 4(f)(3) would, as discussed above, remain discretionary. And in the exercise of the Court's discretion, particularly given the competing authority and lack of any other apparent efforts at service in the Philippines (as opposed to domestically), the Court will deny without prejudice the relief requested by Plaintiff at this time. *See Castaneda v. Luitpold Pharms., Inc.*, No. 6:22-cv-1141-CEM-EJK, 2022 WL 17542939, at *3 (M.D. Fla. Nov. 14, 2022) (concluding "Plaintiff should make an effort to effect Hague Service Convention Service before being allowed to proceed with alternative service"); *Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-cv-60431, 2018 WL 2364297, at *3-4 (S.D. Fla. Jan. 4, 2018); *see also* Fed. R. Civ. P. 4 advisory

---

[4] Because the Hague Convention does not apply when after diligent efforts a defendant's location is unknown, courts in such circumstances can avoid the difficult questions presented herein. *See, e.g.*, *Premier Trailer Leasing*, 2020 WL 886671, at *2. But Plaintiff does not argue those circumstances are present here, and, to the contrary, suggests Boys's location is sufficiently known to trigger the Hague Convention. *See* Doc. 20-3 at 3.

committee's note to 1993 amendment; *cf. Sec. & Exch. Comm'n v. Martin*, No. 6:17-cv-1385-Orl-37GJK, 2019 WL 13474700, at *4 & n.3 (M.D. Fla. Aug. 16, 2019).[5]

### IV. Conclusion

Accordingly, Plaintiff's Motion (Doc. 20) is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 4, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[5] As discussed, to the extent the Court were to adopt the legal approach favored by Plaintiff, that is, that email service is not precluded under the Hague Convention or in turn Rule 4(f)(3), prior efforts at Hague Convention service are appropriately considered in deciding whether to grant the discretionary relief of alternate service. However, to the extent the Court were to adopt the more stringent approach and follow authority generally finding email service precluded, prior efforts at Hague Convention service may alternatively open alternate grounds for seeking relief under Rule 4(f)(3). *See Duong*, 700 F. Supp. 3d at 1095-96; *Media Trademark*, 2021 WL 2895289, at *6.