UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PANAMERICA TRADE, INC., etc.,

    Plaintiff,

v.     CASE NO. 3:25-cv-473-MMH-SJH

FOOD SERVICE GASKETS, LLC, etc., et al.,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's renewed Motion and Memorandum for Entry of Clerk's Default against Baliwag LLC ("Motion"). Doc. 51. The Motion is due to be denied without prejudice.

Plaintiff seeks entry of clerk's default against Baliwag LLC ("Baliwag"). Doc. 51. Plaintiff previously filed a similar motion, Doc. 49, which the Court denied without prejudice for failure to include any supporting memorandum of legal authority and to adequately address, with citations of authority, that service on Baliwag was proper, Doc. 50. The renewed Motion remains insufficient to show effective service.

Citing Fla. Stat. § 48.062(4)(b), the Motion argues substitute service was properly effected on the Florida Secretary of State as provided in Fla. Stat. § 48.161. Doc. 51 at 3-4. The Motion, which cites no case law and only partially and incompletely cites the statutes governing the substitute service on which it purports to rely, essentially argues substitute service was appropriate because, during a single

unsuccessful attempt at service at the address of the then-listed manager and registered agent, Jenneyln Mison, the occupant of the address reported not knowing "where any of the subjects were located." *See generally id.* The undersigned is not persuaded.

Given the due-process concerns attendant to substitute service, strict compliance with statutes authorizing substitute or constructive service is required. *See InClaim, LLC v. Structural Wrap, LLC*, 413 So.3d 251, 255 (Fla. 3d DCA 2025); *see also Greenridge v. Fla. Dep't of Revenue*, No. 8:25-cv-927-KKM-TGW, 2025 WL 1615446, at *1 (M.D. Fla. June 6, 2025). Among other requirements, "only after a plaintiff exercises 'due diligence'" in attempting personal service "may a plaintiff rely upon substitute service to serve a Florida LLC by serving the Secretary of State." *See InClaim, LLC*, 413 So. 3d at 256. The requisite "due diligence" is defined in Fla. Stat. § 48.161(4). *See InClaim, LLC*, 413 So. 3d at 256.

Plaintiff's terse Motion barely mentions the statutory due-diligence requirement in passing and makes no effort to satisfy it. On this record, Plaintiff has not shown the requisite due diligence to resort to substitute service. *See InClaim, LLC*, 413 So. 3d at 256; *see also Rebalko v. Atallah*, 413 So.3d 170, 173 (Fla. 4th DCA 2025) (collecting authority). By way of example, even generously assuming all other statutory requirements for due diligence were met—of which the Court has its doubts—Plaintiff has not attempted to discuss or show that Plaintiff "[m]ade diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service." Fla. Stat. § 48.161(4)(a); *see also*

*MSR Media Skn Ltd. v. Khan*, No. 8:24-cv-1248-KKM-AAS, 2024 WL 4728372, at *3 (M.D. Fla. Oct. 25, 2024).[1]

Accordingly, is **ordered** that the Motion (Doc. 51) is **denied without prejudice**. On or before **October 15, 2025**, Plaintiff must file proof of proper service of the summons and Amended Complaint on Baliwag and/or seek renewed relief, if appropriate, with respect to Baliwag.

**DONE AND ORDERED** in Jacksonville, Florida, on September 10, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] Given that the Motion fails to show substitute service pursuant to Fla. Stat. 48.161 was appropriate, the Court need not consider whether the requirements for perfecting such substitute service were strictly followed, as required.