UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PANAMERICA TRADE, INC., etc.,

      Plaintiff,

v.                              CASE NO. 3:25-cv-473-MMH-SJH

FOOD SERVICE GASKETS, LLC,
etc., et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Clerk's Default of Baliwag LLC ("Motion"). Doc. 72. The Court carefully reviewed, and ultimately deemed insufficient, Plaintiff's prior efforts to serve Baliwag LLC ("Baliwag"). *See* Docs. 50, 52, 61, 66. Familiarity with those efforts and the resulting rulings and directives from the Court are presumed and will not be repeated here. The Motion follows Plaintiff's latest efforts at service on Baliwag. It is again insufficient.

Under Florida law:

(2) A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605.
….
(4) If, after due diligence, the process cannot be completed under subsection (2) and if … [t]he only person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2) …

the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

Fla. Stat. § 48.062; *see also* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

For the reasons set forth in Plaintiff's Motion and prior notice, Docs. 70, 72, the Court is now satisfied that Plaintiff exercised appropriate due diligence and that, after due diligence, process could not be completed under Fla. Stat. § 48.062(2). Thus, and because Christoper Boys is both the only person listed publicly on Baliwag's latest annual report and also the registered agent on whom service was attempted, *see 2025 Florida Limited Liability Company Amended Annual Report*, Sunbiz (July 7, 2025), https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=fla1-l2 2000388514-ed0351dd-886e-4016-a11f-aa2717bd7d78&transactionId=l22000388514-3c10ccdb-6cff-467e-aec3-092c922cbf85&formatType=PDF, Fla. Stat. § 48.062(4) was triggered. The Motion argues that service was properly made under Fla. Stat. § 48.161.

But due diligence to trigger resort to Fla. Stat. § 48.161 is only part of the equation. Plaintiff must also show strict adherence to the requirements for perfecting such service. *See* Doc. 52 at 2; *see also id.* at 3 n.1. In that regard, the Motion is lacking.

Under Fla. Stat. § 48.161:

(1) When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by sending a copy of the process to the office of the Secretary of State. Such process must be issued in the name of the party to be served, in the care of the Secretary of State, and must be made by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a

2

commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission. Such service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process.

(2) When an individual or a business entity is a nonresident or conceals his, her, or its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in subsection (1) in connection with any action in which the court has jurisdiction over the individual or business entity.

(3) Whenever a party is using substituted service specified in subsection (1), notice of service and a copy of the process must also be sent forthwith to the party being served by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must also be sent by such electronic means. The notice of service and a copy of the process must be sent to the last known physical address and, if applicable, last known electronic address of the party being served. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice or the party is concealing himself, herself, or itself. An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify such substituted service and must contain sufficient facts showing:

> (a) That due diligence was exercised in attempting to locate and effectuate personal service on the party; and

> (b) To the extent applicable, the party's nonresidence, or concealment, or that the party is a business entity for which substituted service is otherwise authorized by law. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

> (4) When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (3); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

Fla. Stat. § 48.161. The Motion and related papers do not reflect—or even address—compliance with Fla. Stat. § 48.161(3)–(4), which, among other things, require, even where substitute service is authorized (and even where a party is concealing its whereabouts), certain notice forthwith to the party as well. As such, Plaintiff has not demonstrated the requisite strict compliance with the statutory requirements for substitute service. *See Greenridge v. Fla. Dep't of Revenue*, No. 8:25-cv-927-KKM-TGW, 2025 WL 1615446, at *1 (M.D. Fla. June 6, 2025); *HSBC Bank USA, Nat. Ass'n v. Ctr. Ct. Ridge Condo. Ass'n, Inc.*, 147 So. 3d 593, 594 (Fla. 5th DCA 2014).

Accordingly, the Motion (Doc. 72) is **denied without prejudice**, and Plaintiff will be given *one final* opportunity to properly perfect service on Baliwag. On or before **February 25, 2026**, Plaintiff must file proof of proper service of the summons and Amended Complaint on Baliwag and/or seek renewed relief, if appropriate, with respect to Baliwag.

**DONE AND ORDERED** in Jacksonville, Florida, on February 5, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record